Dear Secretary McKeithen:
This is in amplification of Attorney General Opinion 91-442, rendered to you on August 12, 1991 relative to the conduct of elections. Subsequent to that opinion, this office wrote to Mr. John R. Dunne, Assistant Attorney General, Civil Rights Division, United States Department of Justice, on August 14, 1991. The thrust of that letter was to request expeditious consideration, pursuant to Section 5 of the Voting Rights Act, of more than 40 parish reapportionment plans which had been submitted to the United States Attorney General but had not been precleared.
Parishes have been "under the gun" to reapportion because of the fact that 1990 Federal Census figures were received in the Spring of 1991 and because state law requires that there be reapportionment prior to Dec. 31, 1991. (R.S. 18:1922A). Because the elections are scheduled for October 19 and November 16 with candidate qualifying September 3 — 5, reapportionment, for all practical purposes, had to occur before those dates.
Your question is whether you must conduct elections for a parish governing authority where such governing authority formally notifies you that its 1991 reapportionment plan has not been precleared by the United States Attorney General, and that the apportionment that was based upon the 1980 Census is in violation of one person one vote requirements.
R.S. 18:421 and Article IV, Section 7 of the Louisiana Constitution provide that the Secretary of State is the chief election officer of the State. In that capacity, the office normally performs the purely ministerial duties of ballot preparation after receiving qualifying papers from the respective candidates. R.S. 33:1221(A) provides that elections for members of parish governing authorities under the police jury form of government, shall be held concurrently with the gubernatorial election.
In the event parish governing bodies officially notify you certifying that there is no valid and effective reapportionment plan upon which an election may be held, it is our opinion that you may decline to accept qualifying papers from persons seeking to qualify as candidates for election to positions on that governing body, and that, accordingly, you may decline to prepare the ballot. Conducting such an election would likely be a futile exercise because any candidate or citizen could successfully challenge the election. Therefore, we have concluded that you may accept the certification of a parish governing authority that no valid apportionment plan exists and thus, there are no purely ministerial duties that you are required to perform regarding receipt of candidates' qualifying papers or preparation of ballots. Additionally, clerks of court would have no duty to accept candidates' qualifying papers.
This same reasoning applies to members of political party parish executive committees, who are elected from parish election districts, because those persons are elected from the same election districts as the members of the parish governing authorities.
It should be noted that the voting precincts have been changed to correspond to 1991 reapportionment districts and would pose problems if election officials sought to use previous reapportionment plans in conjunction with those new precinct lines.
R.S. 42:2 provides as follows:
§ 2. Public officer to hold office until successor inducted
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
Accordingly, incumbents presently in office will hold over until a successor is sworn into office.
Finally, there exists a remaining question as to when elections will be conducted for those offices. The parish governing authorities should proceed forthwith to remedy the situation by adopting a valid reapportionment plan. R.S. 18:1923 provides that the failure of a governing body to reapportion itself prior to December 31, 1991, and to submit that plan for preclearance, constitutes misfeasance in office and subjects the parish to the loss of state revenue sharing funds. Elections would have to be scheduled at the next available election date provided by R.S. 18:402.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
WJG, Jr.:jv
cc: Jerry Fowler Jimmy Hays